UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BARBARA SMITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:04-CV-00199-PRC |
| | ) | |
| AMERICAN REVENUE CORPORATION, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment on Liability [DE 20], filed by the Plaintiff, Barbara Smith, on January 7, 2005. For the following reasons, the Plaintiff's Motion for Summary Judgment is granted.

**PROCEDURAL BACKGROUND**

Barbara Smith filed a complaint as a class action lawsuit against American Revenue Corporation ("American Revenue") on May 13, 2004. American Revenue filed an Answer on June 1, 2004. Ms. Smith moved to certify the class on August 10, 2004. On October 1, 2004, American Revenue opposed the motion, and on October 7, 2004, Ms. Smith withdrew her motion to certify the class. On January 7, 2005, Ms. Smith filed her Motion for Summary Judgment on Liability. American Revenue filed a Response Brief on February 7, 2005,[1] and Ms. Smith filed a Reply Brief on February 22, 2005.

---

[1] The Court notes that American Revenue did not meet all requirements of Local Rule 5.1, which provides that "[e]ach page [of a filing] shall be numbered consecutively."

1

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id*. at

2

325.  When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim.  *Id*. at 323, 235; *Green v. Whiteco Indus., Inc.*, 14 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990).  However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists.  *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito,* 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings.  Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994).  Rule 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  *See Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-50 (1986).  Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party.  *NLFC, Inc. v.  Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).  A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but

instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

**FACTUAL BACKGROUND**

Ms. Smith is a resident of Gary, Indiana. American Revenue, a debt collection service, has offices in Merrillville, Indiana.[2] Lawrence W. Gagan is the president and chief operating officer of American Revenue.

American Revenue sent Ms. Smith a collection letter dated September 18, 2003. The letter seeks payment in the amount of $1,299.63 for "various accounts." Pl. Mot., Appx B, Exh. A. The amount is set forth in the lower right section, which provides the following information: "Original Creditor: VARIOUS ACCOUNTS," "Client Acct #: [redacted]," "Amount: $1,299.63," "Acct. #: [redacted]," and "Mail Date: September 18, 2003." *Id*. Directly below this information, in the same section, the letter further provides: "Various accounts owed denotes more than one company or account listed for collection." *Id*. The letter indicates that the payment was to be made by check or money order payable to "American Revenue Corp., Inc." *Id.*

The "various accounts" referenced in the letter actually include fourteen separate accounts, which are comprised of four accounts from Methodist ER Physicians, nine accounts from Broadway Radiology Services, and one account from Northwest Indiana Radiological Services. The September 18 letter does not mention any of these creditors or accounts by name nor does it mention any

---

[2] American Revenue has not provided a Statement of Genuine Issues in accordance with Local Rule 56.1, although American Revenue has included a section entitled "Factual Background" in its Response Brief. Accordingly, the Court will rely on the material facts as set forth in Ms. Smith's Statement of Material Facts. However, in the interests of justice, the Court will consider the facts in American Revenue's "Factual Background" to the extent they diverge from the facts presented by Ms. Smith.

4

information that would have allowed Ms. Smith to identify the creditors or the amounts owed to each of them.

According to Mr. Gagan, prior to the September 18 letter, American Revenue sent at least one letter to Ms. Smith that clearly identified all the creditors and the amounts owed to each creditor that are also the subject of the September 18 letter; however, Mr. Gagan did not attach the letter to his affidavit. Nor does anything in the record identify the date or content of any such correspondence to Ms. Smith.[3] Nevertheless, both parties agree that the September 18 letter for various accounts was not the original collection letter sent to Ms. Smith by American Revenue for those various accounts.

In his affidavit, Mr. Gagan further stated that American Revenue "does not and never has sent to any debtors a 'various accounts' collection letter but rather has always sent initial letters identifying each creditor and the amount owed to each creditor." Pl. Mot., Appx. D, ¶ 6. Further, American Revenue answered an interrogatory by explaining that "[w]hen [a debtor has] more than one account, the debtor is given an individual letter for each account then the follow up letters list all the accounts being handled by [American Revenue] relating to that debtor as 'various accounts.'" Pl. Mot, Appx. E, p. 6, Response to Interrogatory ¶ 7.  Between May 13, 2003, and June 2, 2004, American Revenue sent a letter referring to "various accounts," without identifying any creditors, to more than 250 natural persons.  Pl. Mot., Appx. C, p. 2, ¶ 10.

In discovery, American Revenue provided Ms. Smith with six sample collection letters. All but one of the sample letters differ from the September 18 letter sent to Ms. Smith in three notable

---

[3] Although the response to Interrogatory No. 3 provides that all of the letters sent to Ms. Smith were attached to the Request for Production, none of the letters sent to Ms. Smith, other than the September 18 letter, have been provided for the Court's review by either American Revenue or Ms. Smith.  Ms. Smith did attach the documents produced by American Revenue in Response to Request for Production No.1; however, the letters provided are not the actual letters sent to Ms. Smith but rather copies of sample letters with no specific creditor or debtor information provided.

5

respects: (1) above American Revenue's address in the middle of the page of the sample letters is a statement that explains to the debtor how to indicate which accounts are to be paid first;[4] (2) the lower right section of the sample letters, under the listing of "Total Amount" and "Creditor" provides: "(See detailed listing on reverse side);" and (3) on the back of the sample letters is a corresponding table with columns for "Creditor," "Account #," "Service Date," "Patient name," and "Balance." None of these features exist on the September 18 letter.

When a debtor pays an account, American Revenue deletes the computer records of the debtor's account. However, American Revenue maintains receipts and ledgers for each account for seven years.

American Revenue has had its collection letters reviewed by an attorney. This attorney has not been identified by American Revenue, nor has American Revenue provided any information regarding the attorney's review of American Revenue's collection letters. American Revenue has no manuals or other documents relating to standards, policies, or practices regarding compliance with the Fair Debt Collection Practices Act, debt collection generally, or the maintenance of procedures designed to avoid violating the Act.

## DISCUSSION

In her Motion for Summary Judgment, Ms. Smith argues that the September 18 collection letter seeking payment to be made to American Revenue in the amount of $1,299.63 on "various accounts" violated 15 U.S.C. § 1692e as deceptive and confusing to an unsophisticated consumer

---

[4] The sample letters provide: "If you want any payment you make applied to a specific account be sure to note Account #'s on payment–otherwise payments will be applied in order of dates of service paying oldest dates of service first." Pl. Mot., Appx. F, at 2, 4, 6, 8, 10.

because it is unclear from the face of the letter which accounts are being collected.  Ms. Smith reasons that, if she had made that payment to American Revenue, she would have had no written proof of the fact that she paid any or all of her specific creditors and, therefore, would be at the mercy of the debt collector to pay those debts.  American Revenue responds that the language used in the September 18 letter is not confusing, ambiguous, or deceptive on its face and that Ms. Smith has not carried her burden of proof on the motion for summary judgment showing that there is no genuine issue of material fact by proving or even suggesting how the letter is "patently ambiguous and confusing."

The Fair Debt Collection Practices Act ("FDCPA") is designed, in part, "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. §1692(e).  Section 1692e specifically addresses false or misleading representations and provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>      . . . .
>         (2) The false representation of –
>             (A) the character, amount, or legal status of any debt; . . . .
>      . . . .
>         (10) The use of any false representation or deceptive means to collect or
>         attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

Generally, the Act is designed to protect consumers from the actions of unscrupulous collectors, whether or not the debt is valid.  *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997).  Furthermore, proof of actual damages is not necessary for the recovery of statutory damages.  *See Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) (holding that the consumer may recover statutory damages only under the

FDCPA); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir.1982) ("[S]tatutory damages are available without proof of actual damages" under the FDCPA.). The FDCPA is remedial, and its terms should be construed liberally to effect its congressional purpose. *See N.C. Freed Co. v. Board of Governors*, 473 F.2d 1210, 1214 (2d Cir. 1973)*; Cirkot v. Diversified Fin. Servs., Inc.*, 839 F. Supp. 941, 944 (D. Conn. 1993); *see also Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 741 (7th Cir. 2004).

The Seventh Circuit has held that the standard of an "unsophisticated consumer" applies when determining whether a debt collector's conduct violates the FDCPA. *See Durkin v. Equifax Check Servs., Inc.,* No. 04-2289, 2005 WL 949092, at *3, —F.3d— (7th Cir. Apr. 18, 2005); *Chuway v. National Action Fin. Servs.*, 362 F.3d 944, 948-49 (7th Cir. 2004); *Fields v. Wilber Law Firm*, 383 F.3d 562, 564 (7th Cir. 2004); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *Gammon v. GC Servs.*, 27 F.3d 1254, 1257 (7th Cir. 1994) (establishing the standard of the "unsophisticated consumer" in place of the formerly used "least sophisticated consumer"). This standard assumes that a debtor is "uninformed, naive, or trusting." *Fields*, 383 F.3d at 564 (citing *Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003)). Nevertheless, an unsophisticated consumer does possess some rudimentary knowledge of finances and is able to make "basic logical deductions and inferences." *Id*. (quoting *Pettit v. Retrieval Masters Credit Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). The standard is an objective one, and the court disregards "unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Durkin*, 2005 WL 94909, at *3 (citing *Pettit*, 211 F.3d at 1060; *Gammon*, 27 F.3d at 1257); *see also Chuway*, 362 F.3d at 948.

To meet this standard, a mere claim of confusion by the Plaintiff is insufficient, and the Plaintiff must demonstrate that the language at issue "unacceptably increases the level of confusion."

8

*Durkin*, 2005 WL 94909, at *3 (quoting *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999)).  However, under some circumstances, if an FDCPA violation is "so clearly evident on the face of the collection letter," the court may grant summary judgment in favor of the FDCPA plaintiff.  *Id*. at *4 (citing *Avila*, 84 F.3d at 226-27; *Bartlett*, 128 F.3d at 501-02; *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518-19 (7th Cir.1 997)).[5]  Confusion on the part of the reviewing court is sufficient to meet the standard.  *See Chuway*, 362 F.3d at 948 (holding that, although no survey was conducted by the Plaintiff to demonstrate confusion, all of the judges were confused about the meaning of the letter, and their confusion, coupled with her affidavit attesting to her confusion was enough to satisfy her burden of proof); *see also Johnson*, 169 F.3d at 1060 ("Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade.").

### A.  15 U.S.C. § 1692e

The Court now turns to the issue of whether Ms. Smith is entitled to summary judgment as a matter of law on the issue of whether the September 18 collection letter, which was not the initial collection letter,[6] sent to her by American Revenue violates the FDCPA under § 1692e by

---

[5] The Seventh Circuit goes on to explain that in other situations,
mere speculation that a collection letter confuses the unsophisticated debtor is not enough for an FDCPA plaintiff to survive an opposing debt collector's summary judgment motion.  Thus, when the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial.
*Durkin v. Equifax Check Servs., Inc.,* No. 04-2289, 2005 WL 949092, at *3, —F.3d— (7th Cir. Apr. 18, 2005).

[6] In prohibiting unfair or unconscionable debt collection methods, the FDCPA requires debt collectors to provide debtors certain information in the initial communications.  *See* 15 U.S.C. §§ 1692e(11), 1692g.  Section 1692g provides:
(a) Notice of debt; contents

9

summarizing the debts owed as "various accounts" for a total of $1,299.63 and failing to itemize the accounts subject to the collection letter. The Court finds that the letter does violate the FDCPA and that Ms. Smith is entitled to summary judgment on liability.

In this case, the September 18 letter indicates that the "original creditor" for whom the sum of $1,299.63 is being collected is "various accounts." Nowhere does the letter identify those original creditors or the amounts due to those creditors. The Court finds the letter patently confusing on its face in that, after a thorough and careful reading, this Court is unable to determine either the identity of the creditors or the amount owed to the specific creditors. Nor could an unsophisticated consumer determine that information from the face of the letter. Like the court in *Chuway*, this Court was confused after reading the September 18 letter as to how Ms. Smith could determine to whom what amounts are to be paid until American Revenue's brief and discovery responses in this litigation explained that the "various accounts" included fourteen separate accounts. However, despite American Revenue's statement that fourteen accounts are being collected on from Ms. Smith, nothing in the record sets forth the individual accounts, the account numbers, or the amounts owed for each account. All that is provided in the discovery responses is the names of the three different

---

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
   (1) the amount of the debt;
   (2) the name of the creditor to whom the debt is owed;
   (3) a statement that unless the consumer, within thirty days after receipt of the notice disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
15 U.S.C. § 1692g.

creditors and the tallied number of accounts for each creditor for a total of fourteen accounts: Methodist ER Physicians - (4), Broadway Radiology Services - (9), and Northwest Indiana Radiological Services - (1).

Although American Revenue asserts that the FDCPA is not designed to remind forgetful debtors of the identity of their creditors and the amounts owed to them, the Seventh Circuit has recently disagreed with that assertion. In *Fields*, an initial collection letter sought payment in the amount of $388.54, which was comprised of the original obligation of $122.06, attorneys' fees of $250, and interest. *Fields*, 383 F.3d at 566. However, the letter did not itemize these charges. *Id*. In holding that the plaintiff had stated a claim for relief under §§ 1692e and 1692f, the Seventh Circuit applied the unsophisticated consumer standard and reasoned that unsophisticated consumers lose bills and forget amounts of their debts and to whom the debts are owed. *Id*. If this were the case, the court explained that the debtor, or a spouse or someone else paying the debt, might assume that the original charge was for $388.54, which gave a false impression as to the character of the debt. *Id*. The court proposed that "[o]ne simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt." *Id*.

Significantly, the Seventh Circuit disagreed with the district court in that case, which had held that the misleading nature of the letter was irrelevant because the plaintiff could have referenced the contract with the original creditor, which included the provision for attorneys fees and interest, or telephoned the debt collector for clarification. *Id.* On this point, the Seventh Circuit reasoned that, even if the plaintiff had saved the original contract, as an unsophisticated consumer, the plaintiff might not be able to deduce the multiple sources of the $388.54 sought in the collection letter. *Id*. The Seventh Circuit held that it is unfair to consumers to hide the character of the debt, which

11

impairs the consumers' ability to assess validity of the debt. *Id*. The *Fields* test suggests that one way to avoid liability under § 1692e is for debt collectors to itemize the collection statements.

Similarly, the September 18 letter sent to Ms. Smith hides the character of the debt and is unclear as to what debts are being collected. Like the debtor in *Fields,* in order for Ms. Smith to determine which debts were actually being collected by the September 18 letter, she would have to search her records for any prior collection letters from American Revenue, or other bills sent directly from the creditors, and add them up to reach a total of $1299.63. The fact that the September 18 letter is not the initial dunning letter as it was in *Fields*, is immaterial because Ms. Smith would still need to rely on past notices, bills, or letters in order to understand the character of the debt being collected. As in *Fields*, someone else trying to pay Ms. Smith's debts would have the same confusion in trying to determine which debts were being collected by the September 18 letter. Moreover, if Ms. Smith did not actually receive or had misplaced one or more initial collection letters from American Revenue, she would be unable to determine which combination of prior collection letters together equaled the $1299.63. In addition, the unclear nature of the "various accounts" in the September 18 letter is not irrelevant, as in *Fields*, because even if Ms. Smith had saved all her bills, she still would be required to speculate as to which bills added together equal $1299.63.

This Court, like the Seventh Circuit, rejects "the proposition that a debt collector could provide incomplete information in a dunning letter so long as it provided a telephone number for the debtor to call." *Fields*, 383 F.3d at 566. The fact that *Fields* dealt with attorney's fees and interest being lumped together with an original debt and that this case involves a number of original debts being lumped together does not render *Fields* inapplicable. Rather, the fact that both cases deal with the failure of a collection letter to itemize the various charges included in a lump sum "amount due"

12

means that both cases address confusion about the true character of debt owed.  Nor does the fact that the court in *Fields* was evaluating an original collection letter affect the applicability of the analysis to the September 18 letter sent to Ms. Smith, which was a subsequent collection letter; the court in *Fields* was evaluating the letter under the standard of § 1692e, which is the standard at issue in this case, and nothing in the Seventh Circuit's decision suggests that its analysis under § 1692e was specific only to initial dunning letters.

As Ms. Smith argues, in addition to the letter being facially confusing, an unsophisticated consumer who complied with the September 18 letter by sending the total amount due directly to American Revenue would have no record of payment to the various creditors, which would force the debtor to rely on the collector for later verification that the debts were satisfied.  For example, after receiving the lump sum payment from the debtor, if the collector failed to pay off one or more of the "various accounts" and the original creditor again sought payment from the debtor, the debtor would be at a disadvantage in defending against further collection activities.  Although the debtor would have proof of having paid the total sum of the "various accounts," without an itemization in that collection letter, the debtor would have no proof of which debts should have been paid by the collector with the funds provided by the debtor.  Moreover, the debtor, perhaps unable to pay the entire sum of the amount due on the "various accounts" would have no way of itemizing for the collector which accounts should be paid off first with a partial payment from the debtor.

Although American Revenue explained in its interrogatory answer that when a debtor has more than one account, the debtor is given an individual letter for each account and then the follow up "various accounts" letters list individually all the accounts being handled by American Revenue related to that debtor, American Revenue nevertheless sent Ms. Smith a follow up "various accounts"

13

collection letter that did not list all the accounts individually. In addition, Mr. Gagan stated that American Revenue sent Ms. Smith at least one previous collection letter that identified the creditors and the amount owed to each creditor that were also the subject of the September 18 letter. However, no copy of any such letters were attached to the affidavit or otherwise provided in discovery.[7]

Notably, the five sample letters provided by American Revenue in discovery that differ from the September 18 letter sent to Ms. Smith include three features absent from the September 18 letter: (1) a statement above American Revenue's address explaining how the debtor can indicate the order in which accounts are paid; (2) a statement in the lower right corner stating that the debtor should "see detailed listing on reverse side;" and (3) a corresponding table on the back of the letter listing creditors' names, account numbers, service dates, patient names, and balances.[8] Based on these sample letters, which itemize the account information, it appears that this aspect of American Revenue's collection letters would likely meet the unsophisticated consumer standard under § 1692e. However, the letter sent to Ms. Smith, in contrast with American Revenue's sample letters, simply does not itemize the various charges that comprise the total debt of $1299.63.

Because the September 18 letter sent to Ms. Smith requests payment on a lump sum amount for "various accounts" without identifying each creditor and the amount owed to each creditor, the letter is confusing on its face and misrepresents the character of the debt. Accordingly, the Court finds that American Revenue has violated § 1692e of the FDCPA. *See Durkin*, 2005 WL 94909, at

---

[7] Federal Rule of Civil Procedure 56(f) requires attaching copies of papers referred to in an affidavit, Fed. R. Civ. P. 56(e) ("Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."). However, the Court holds that the September 18 letter is facially confusing regardless of the content of letters that may have been previously sent regarding the same debt.

[8] American Revenue did include a sixth sample letter that does not contain the additional account-specific information. *See* Pl. Mem., Appx. F, p. 1.

*3 (holding that the Court may grant summary judgment in favor of an FDCPA plaintiff when the FDCPA violation is clearly evident on the face of the letter).

### B.  Affirmative Defenses

Finally, the Court briefly addresses the affirmative defenses raised by American Revenue in its Answer to the Complaint.  American Revenue raises the following defenses: (1) the Complaint fails, in whole and in part, to state a claim upon which relief may be granted; (2) the claims and purported claims of the Complaint are barred, in whole or in part, by waiver and estoppel; (3) the claims and purported claims of the Complaint are barred, in whole or in part, by accord and satisfaction; (4) the claims and purported claims of the Complaint are barred, in whole or in part, because any alleged violation of law was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such error; (5) the plaintiff lacks standing to assert the claims in the Complaint, in whole or in part; (6) the plaintiff has failed to name a person needed for a just adjudication; and (7) the defendant is protected from the plaintiff's claims and purported claims by qualified immunity.

Although Ms. Smith addressed each one of these affirmative defenses in her Motion for Summary Judgment, American Revenue failed to respond to her arguments or defend its affirmative defenses in any manner whatsoever.  On that basis alone, the affirmative defenses do not forestall summary judgment in favor of Ms. Smith.  However, even if the Court were to consider the defenses in light of the evidence of record, the affirmative defenses would not preclude summary judgment.

The first "affirmative defense" is the basis for a Rule 12(b)(6) motion for dismissal for a failure to state a claim.  However, American Revenue has not made any such motion, and a

complaint alleging that a collection letter is confusing and ambiguous states a claim unless no reasonable jury could find it to be such. *See Johnson*, 169 F.3d at 1060. In this case, the collection letter is patently confusing.

As for the second, third, fifth, sixth, and seventh defenses raised by American Revenue based on waiver and estoppel, accord and satisfaction, standing, failure to name a person needed for adjudication, and qualified immunity, the defenses have no basis in fact based on the evidence of record.

The fourth affirmative defense is the "bona fide error" defense under 15 U.S.C. § 1692k(c). Section 1692k(c) provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C.A. § 1692k(c). "The mere assertion of good intent, absent a factual showing of actual safeguards reasonably adopted to avoid violations of the FDCPA, is insufficient to sustain the bona fide error defense." *Turner v. J.V.D.B. & Associates, Inc.*, 318 F. Supp. 2d 681, 683 (N.D. Ill. 2004) (quoting *Oglesby v. Rotche*, No. 93 C 4183, 1993 WL 460841, at *9 (N.D. Ill. Nov. 5, 1993) (internal quotation marks omitted).

In discovery, American Revenue was asked what basis it had for any claim that any violation of the FDCPA was unintentional, resulting from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors and to identify what safeguards were in place to prevent collection letters with errors from being sent out. American Revenue responded:

> Defendant has had all of its collection letters reviewed by counsel. Defendant does not believe that using the determination of accounts as "various accounts" is a violation of FDCPA in that the debtor was provided notice for each of such debts

16

> before the "various accounts" letter or letters were sent. Defendant submits that there was no intention to confuse the debtors or misrepresent the nature of the debt or any of the information regarding the debt. Defendant submits that by providing notice of each debt to the debtor prior to the "various accounts" letter or letters, there is no basis for FDCPA liability.

Pl. Mot., Appx. E, p. 8. In this discovery response, American Revenue asserts that is has provided two safeguards: (1) attorney review and (2) a first round of letters specifying the amount of each debt prior to the "various accounts" letter.

American Revenue has provided no evidence that the attorney reviewed the September 18 letter sent to Ms. Smith, that the attorney reviewed a sample of the September 18 letter sent to Ms. Smith, what procedures the attorney used to approve the letters, or that the attorney even concluded that the letter did not violate the FDCPA. Moreover, the fact that American Revenue sends out letters prior to the "various accounts" letter that provide the debtor with notice of the character of each individual debt does not, by itself, constitute a "procedure reasonably adapted to avoid any such error" because the second, "various accounts" letter, taken by itself, remains confusing regardless of the content or number of prior letters. Nor has American Revenue attempted to argue how its practice could be perceived as such a safeguard. Notably, American Revenue utilizes a second version of the "various accounts" letter that does include an itemization of the accounts due, identifying each creditor and the amount owed to each creditor; yet American Revenue has not explained why it did not send this itemized letter to Ms. Smith. Finally, American Revenue responded in discovery that it has no documents relating to the maintenance of procedures adapted to avoid any violation of the FDCPA nor does American Revenue have in its possession or control any manuals, memoranda, instructions, or other documents that relate to the FDCPA.

The Court finds that none of American Revenue's affirmative defenses preclude summary judgment in favor of Ms. Smith.

## CONCLUSION

Based on the foregoing, the Court now **GRANTS** Ms. Smith's Motion for Summary Judgment on Liability [DE 20].  The court enters judgment in favor of Ms. Smith on the issue of liability only.

So ORDERED this 16th day of May, 2005.

s/ Paul R. Cherry
MAGISTRATE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

CC: All counsel of record