UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BARBARA SMITH, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>AMERICAN REVENUE CORPORATION, )<br>    Defendant. ) | CAUSE NO.: 2:04-CV-199-PRC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Petition for Attorney's Fees and Expenses [DE 43], filed by the Plaintiff on September 9, 2005. The Defendant filed a Response on September 26, 2005, and the Plaintiff filed a Reply on October 4, 2005.

On May 16, 2005, the Court entered an order granting the Plaintiff's motion for summary judgment on the issue of liability, finding that the Defendant violated 15 U.S.C. § 1692e because the letter sent by the Defendant to the Plaintiff was "patently confusing on its face in that, after a thorough and careful reading, this Court is unable to determine either the identity of the creditors or the amount owed to the specific creditors. Nor could an unsophisticated consumer determine that information from the face of the letter." (Order of May 16, 2004, at 10) On August 25, 2005, the Court entered final judgment in favor of the Plaintiff. Pursuant to 15 U.S.C. § 1692k, the Court awarded the Plaintiff $1,000 in statutory damages and awarded the Plaintiff's counsel attorney's fees and costs. Accordingly, the Plaintiff filed the instant Petition for Attorney's Fees and Expenses.

In the motion, the Plaintiff seeks an award of $9,219.50 for attorney's fees and $536.71 for expenses. The Plaintiff requests a rate of $425.00/hour for Partners Cathleen M. Combs (1.5 hr.), Daniel A. Edelman (3.0 hr.), and James O. Latturner (1.8 hr.), $275.00/hour for Partner Michelle

1

R. Teggelaar (.2 hr.), $190.00/hour for Associate Thomas Soule (25.2 hr.), $105.00/hour for Legal Assistant Jeffrey Becker (1.6 hr.), $100.00/hour for Legal Assistants Brian Kolbus (.3 hr.), Jeff Griffin (10.2 hr.), Jason Kunowski (2.5 hr.), Melissa DeJesus (1.9 hr.), Megan Schici (2.5 hr.), and Nicole Roth (1 hr.).

In response, the Defendant argues that the fees are unreasonable and excessive. The Defendant objects to the number of hours requested by the Plaintiff on the basis that this case was not complex or difficult and did not deal with novel issues and that the attorneys are experienced such that a case like this should have taken less time than billed. The Defendant also objects to the hourly rate, arguing that large-firm Chicago rates are unreasonable for litigation in Northwest Indiana and for a firm of the size representing the Plaintiff with five partners and nine associates. Finally, the Defendant objects to the $536.71 in expenses because there are no descriptions for each entry, the number of copied pages is too high, and the number of faxes received by Defense counsel does not justify the $150.00 requested for facsimile charges. Although the Defendant objects to the fee requested by the Plaintiff, the Defendant does not compute and suggest the amount of a reasonable fee.

Under the Fair Debt Collection Practices Act ("FDCPA"), damages are allowed "in the case of any action by an individual," in an amount determined by the court but not to exceed $1,000.00. The Act further provides that the plaintiff is entitled to, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with the reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a). The Seventh Circuit has held that the award of attorney's fees to plaintiffs for a debt collector's violation of "any provision" of the FDCPA is mandatory. *See Zagorski v. Midwest Billing Srvcs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997) (citing *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir.), *cert. denied*, 515 U.S. 1160 (1995); *Mace v. Van*

2

*Ru Credit*, 109 F.3d 338, 344 n. 3 (7th Cir.1997)).  In this case, the Plaintiffs have brought a "successful action" under the FDCPA and thus are entitled to a "reasonable attorney's fee."  15 U.S.C. § 1692k(a)(3).

The Court utilizes a two-part analysis in determining a reasonable attorney's fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-35 (1983); *see also Zagorski*, 128 F.3d at 1166; *Tolentino*, 46 F.3d at 652.  First, the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," commonly called the lodestar amount.  *Id*. at 433.  Second, the Court may adjust the fee upward or downward after considering a number of factors.  *Id*. at 434.

In calculating the lodestar, "[t]he reasonable hourly rate (or 'market rate') for lodestar purposes is 'the rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question.'" *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000) (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999)).  The burden is on the party seeking fees to prove the market rate for her attorneys.  *Id*. at 604-05.  In support of the hourly rates sought for the attorneys and legal assistants at Edelman, Combs & Latturner, LLC set forth above, the Plaintiff offers rates approved for the firm by courts in other cases, Attorney Edelman's affidavit in which he asserts his personal knowledge of large firm rates in the area, rates approved by courts for other firms doing comparable work, the fees charged by the firm to clients not taken on a contingency fee basis, and the Laffey Matrix 2003-2006 for the United States Attorney's Office for the District of Columbia.  Counsel for the Plaintiff represent that they adjust their hourly rate on an annual basis to account for inflation and increasing expenses.

As in *Payton v. New Century Mortgage Corporation*, No. 03 C 333, 03 C 703, 2004 WL 524693 (N.D. Ill Mar. 11, 2004), the Court finds that the appropriate calculation of the fee is to increase the fee awarded to this firm in similar cases to account for inflation. In *Payton*, the court awarded a rate of $370/hour for partners and $210/hour for associates, which was a $10 increase over the rates awarded to this firm by another court the previous year. *Id*. at *2. The case relied on by *Payton* awarded $360/hour for partners, $310/hour for junior partners, and $200/hour for senior associates. *Id*. (citing *Johnson v. Fast Cash Advance, Inc.*, 00 C 1875 (N.D. Ill. Mar. 6, 2003)). The court in *Payton* adopted the annual increase of $10 per year to account for inflation based on the holding in *Covington v. District of Columbia*, 839 F. Supp. 894 (D.D.C 1993).

The Court finds that a similar increase is warranted in this case; however, the Court finds that given the time frame of the *Payton* case in relation to the present case, an increase of $15/hour is appropriate. The Court further notes that the rates requested by the Plaintiff for the work of Junior Partner Teggelaar and Associate Soule are less than the rates awarded in *Johnson* two years ago for junior partners and senior associates, which appears to be based on years of experience. Accordingly, the Court finds that it is only necessary to reduce the hourly rate for Partners Combs, Edelman, and Latturner from $425 to $385/hour ($370 + $15). The Court finds that all remaining hourly rates for the attorneys and legal assistants are reasonable. No additional reduction is required based on the filing of the cause of action in the Northern District of Indiana, Hammond Division, as suggested by the Defendant, because Hammond, Indiana is commonly accepted as part of the Chicago metropolitan area with attorneys from Chicago, Illinois, frequently entering appearances in this Court.

In addition, the Defendant argues that the number of hours claimed by the Plaintiff for work by her attorneys on this case is excessive because the issues are not complex, difficult, or novel.

Although this matter involved one letter to one individual and challenged only the summary of the Plaintiff's debts as "various accounts," the case was novel to the extent that it contained a unique factual basis that required a ruling by analogy to Seventh Circuit law. Of the 51.7 hours billed by the Plaintiff's counsel, 31.7 hours were billed by attorneys, and the remaining hours were billed by paralegal staff. Of the 31.7 hours billed by attorneys, 25.2 hours were billed by Attorney Soule, an associate, at the hourly rate of $190. The acquisition of the case and supervision of Attorney Soule's work by more senior attorneys totaled 6.5 hours. Moreover, the Plaintiff was ultimately successful in this matter. *See Zagorski*, 128 F.3d at 1166-67. After a careful review of the itemized hours set forth by the Plaintiff, the Court finds that the hours requested are reasonable.

Accordingly, the lodestar for Attorneys Combs, Edelman, and Latturner with an hourly rate of $385 rather than $425 is $2,425.50, rather than $2677.50, a difference of $252. Therefore, the Court will reduce the amount of attorney fees requested by $252, from $9,528.50 to $9276.50.

The Court next turns to whether the lodestar should be reduced. Regarding the attorney fees, the Defendants have not offered any other factors for the Court's consideration that would incline the Court to further reduce the lodestar. Accordingly, the Court awards attorney fees in the amount of $9276.50.

The Plaintiff also requests costs in the amount of $536.71. Within that amount, the Plaintiff requests approximately $322 in copying fees, which the Defendant opposes on the basis that the "item" entries for the copies list only the term "copying" without any further description of what was copied. The Defendant further reasons that if copies are $.15 per page, then the Plaintiff made approximately 2,150 pages, which the Defendant believes to be excessive in this case. From a review of the cost requested for the copies, it appears to the Court that the Plaintiff is requesting $.25 per page, which would amount to approximately 1288 pages. The Plaintiff does not reply to the

Defendant's argument regarding the copies in its reply brief. The Court finds that $.25 per page is excessive, and reduces the per page cost to the $.15 per page cost proposed by the Defendant. In addition, it is not clear from the entries what the purpose of the copies is. Therefore, the Court further reduces the number of pages to 700. Accordingly, the Court reduces the costs for copying to $105. The Defendant also contests the $150 for facsimile charges, based on only having received three faxes from the Plaintiff in this case and based on what appears to be a cost of $1.00 per page for the faxes. However, the Defendant does not propose an alternate price per page, and presumably, the Plaintiff sent faxes to others than the Defendant. As a result, the Court will not alter the amounts requested for facsimiles. Therefore, accounting for the adjustment in price for copies ($105 rather than $332), the total costs awarded to the Plaintiff on the fee petition are $309.71.

## CONCLUSION

Based on the foregoing, the Court now **GRANTS** the Plaintiff's Petition for Attorney's Fees and Expenses [DE 43] but awards fees and costs different than those requested. The Court **ORDERS** that the Defendant shall pay the Plaintiff a total of **$9585.71** in attorney fees and costs.

So ORDERED this 24th day of October, 2005.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record